UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,            )
                                     )
       Plaintiff,                    )
                                     )
                                     )          CRIMINAL ACTION NO.
VS.                                  )
                                     )          3:07-CR-157-G
HOMERO GONZALEZ,                     )
                                     )                  **ECF**
       Defendant.                    )

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendant, Homero Gonzalez ("the

defendant" or "Gonzalez"), to suppress evidence.  For the reasons set forth below, the

motion is denied.

## I.  BACKGROUND

On February 13, 2007, special agent Ashley N. Stephens ("Stephens") of the

Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and Dallas police

officer Oscar Carrasco ("Carrasco") went to the house located at 5807 Fess Street in

Dallas, Texas to investigate information that Gonzalez, a previously convicted felon,

was in possession of firearms and engaged in drug trafficking.  *See* Government's

Response to Defendant Homero Gonzalez's Motion to Suppress Evidence ("Government's Response") at 1-2. Upon arriving at the house, Stephens and Carrasco knocked on the front door, which was answered by the defendants' brother-in-law, Alfonso Soto. *Id.* at 2. Stephens and Carrasco requested permission to enter the home, and Soto acquiesced. *Id.* Although Soto told the officers he was alone in the house, Stephens heard movement in another room and decided to conduct a protective sweep of the premises. *Id.* In doing so, Stephens discovered a woman holding a baby in a bedroom and saw a green substance that appeared to marijuana in the restroom. *Id.* Soto then gave Stephens and Carrasco permission to search the home; however, upon speaking with the defendant, Soto revoked his consent to the search. *Id.*

After Soto revoked his consent for the search, Stephens called another Dallas police officer, Mario Castanon ("Castanon"), and gave him information to draft an affidavit for a search warrant. *Id.* The affidavit identified the address to be searched, explained that Stephens had personally seen and smelled a substance that appeared to be marijuana, stated that an informant provided information that Gonzalez -- a convicted felon -- possessed a number of firearms, and identified Soto and Gonzalez as suspects who possessed marijuana. *Id.* at 2-3. Based on the information contained in the affidavit, a search warrant was issued. *Id.* at 3.

Officers who executed the warrant discovered, among other things, baggies of marijuana, digital scales containing marijuana residue, a loaded firearm and a box of ammunition. *Id.* Accordingly, on May 8, 2007, Gonzalez was charged with being a felon in possession of a firearm and a felon in possession of ammunition in contravention of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* Indictment at 1-2.

## II. ANALYSIS

The defendant has asked the court to suppress three categories of evidence: (1) all items seized from 5807 Fess Steet on February 13, 2007, (2) all statements made by and actions of Gonzalez at the time of or after the search, and (3) testimony from law enforcement personnel related to the first two categories of evidence.[1] *See* Defendant Homero Gonzalez' Motion to Suppress Evidence ("Defendant's Motion") at 1-2. Gonzalez argues that the evidence should be suppressed because the good faith exception to the exclusionary rule does not apply, and the affidavit upon which the search warrant was based did not provide a basis for the magistrate to find there was probable cause to issue the warrant.

---

[1]     Although Gonzalez lists these three categories of evidence, he spends the remainder of his motion addressing the first category. Because Gonzalez has offered no argument in favor of suppressing the evidence described in the second and third categories, his motion on those points is denied.

In *Arizona v. Evans*, 514 U.S. 1, 12-14 (1995), the Supreme Court noted that

the exclusionary rule does not apply to every violation of the Fourth Amendment.[2]

The court held, "exclusion is appropriate only if the remedial objectives of the

[exclusionary] rule are thought most efficaciously served." *Id.* at 13-14.  The primary

objective of the exclusionary rule is to deter misconduct by law enforcement.  See

*United States v. Leon*, 468 U.S. 897, 916 (1984).  Consequently, the rule should not

be applied where it would "deter objectively reasonable law enforcement activity." *Id.*

at 919.

In the present case, Gonzalez contends that the good faith exception does not

apply because the affidavit upon which the search warrant was based was so lacking

in indicia of probable cause as to render belief in its existence entirely unreasonable.

---

[2]        The Court said:

> In *Whiteley [v. Warden Wyoming State Penitentiary*, 401 U.S. 560 (1971)], the Court treated identification of a Fourth Amendment violation as synonymous with application of the exclusionary rule to evidence secured incident to that violation.  Subsequent case law has rejected this reflexive application of the exclusionary rule.  These later cases have emphasized that the issue of exclusion is separate from whether the Fourth Amendment has been violated, and exclusion is appropriate only if the remedial objectives of the rule are thought most efficaciously served.

*Arizona v. Evans*, 514 U.S. 1, 13-14 (1995) (citations omitted).

Defendant's Motion at 3.  The defendant cites to three exhibits as evidence of the

affidavit's defects.  *Id.*  These three exhibits, which were not included with the

motion, appear to consist of the statement by the informant that led to Stephens's

and Carrasco's initial investigation of 5807 Fess Street, the allegedly defective search

warrant, and the inventory return from the search.  *Id.*  Without these exhibits or any

other evidence that the search was invalid, the defendant has failed to meet his

"burden of proving by a preponderance of the evidence that the challenged search or

seizure was unconstitutional."  *United States v. Waldrop*, 404 F.3d 365, 368 (5th Cir.

2005).

Moreover, it is unclear from the defendant's motion which search he is

challenging.  He notes at one point that "officers had already, without probable cause,

entered and searched the residence before applying for a search warrant."

Defendant's Motion at 3.  The government similarly admits that a police officer and

an ATF agent entered the premises, conducted a protective sweep and began

conducting a search before they requested a warrant.  Government's Response at 2.

Moreover, although Gonzalez posits that Stephens and Carrasco "lacked information

of a criminal act from a reliable and credible informant" and that they had no

probable cause to go to 5807 Fess Street when they made their initial entrance into

the house, he does not allege that the entrance and limited search were not

consensual.  *See* Defendant's Motion at 3; *cf.* Government's Response at 2 (describing

the consensual nature of the entry and search). Therefore, Gonzalez does not state

any grounds to challenge this initial search.

Next, the defendant disputes the applicability of the good faith exception to

law enforcement officials based on the portions of the probable cause affidavit

concerning Gonzalez's possession of various firearms -- information received from the

informant whom Gonzalez argues was unreliable. *Id.* at 4. In a related attack,

Gonzalez argues that the magistrate judge did not have an appropriate basis for

finding probable cause because the government's informant, a cooperating defendant,

lacked credibility. *Id.* at 6. Indeed, Gonzalez argues that the informant's lack of

credibility is proven by the fact that the firearms Gonzalez allegedly possessed were

not found when the police searched 5807 Fess Street. *Id.* Even so, at no point does

Gonzalez challenge the portions of the affidavit related to Stephens's statements that

she saw marijuana in plain view while she and Carrasco were inside the house. *Id.* at

4-6; *cf.* Government's Response at 2-3 (describing Stephens's statements regarding

the marijuana she observed in the house).

Even if the defendant had met his burden of proof and demonstrated by a

preponderance of the evidence that the portions of the probable cause affidavit

concerning his alleged firearms possession did not support probable cause -- which he

did not -- the warrant and the officers' execution thereof could still be upheld based

on Agent Stephens's personal observation of marijuana inside the house. In that case,

evidence supporting the charges in the indictment uncovered by officers while conducting their search for marijuana would have been appropriately seized under the plain view doctrine. *Waldrop*, 404 F.3d at 368.

## III.  CONCLUSION

The defendant has presented no evidence that the good faith exception to the exclusionary rule should not apply or that the magistrate lacked probable cause to issue the search warrant for 5807 Fess Street.  Indeed, the defendant has failed even to *allege* facts in his motion that would permit a decision that the search warrant was not supported by probable cause or that the good faith exception should not apply to the officers who conducted the search.  Consequently, the defendant's motion to suppress evidence is **DENIED**.

**SO ORDERED**.

June 28, 2007.

_____
A. JOE FISH
CHIEF JUDGE