UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,    )
       )
     Plaintiff,    )
       )     CRIMINAL ACTION NO.
VS.    )
       )     3:07-CR-157-G
HOMERO GONZALEZ,    )
       )     **ECF**
     Defendant.    )

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is the motion of the defendant Homero Gonzalez ("Gonzalez" or "the defendant") for identification of and equal access to the government's informant-witnesses for interview.  For the reasons stated herein, the motion is denied.

## I.  <u>BACKGROUND</u>

This motion stems from the criminal indictment against Gonzalez charging him with the crime of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  *See* Indictment.  On February 13, 2007 agents from the Bureau of Alcohol, Tobacco, Firearms & Explosives and officers from the Dallas Police Department went to 5807 Fess Street, Dallas, Texas, to

investigate statements by two cooperating individuals indicating that Gonzalez was unlawfully in possession of firearms.  *See* Government's Consolidated Response to Defendant's Pretrial Motions at 1.  The agents and officers did not obtain a search warrant prior to their first visit to 5807 Fess Street; rather, the agents went to conduct a "knock and talk" investigation.  See *id.*

The agents and officers were permitted to enter the residence by one of the occupants, Alfonso Soto ("Soto").  *Id.*  Once inside the home, the officers observed the presence of illegal narcotics and drug packaging materials.  *Id.* at 1-2.  Soto subsequently revoked his consent to allow the officers and agents to enter the home. Based on their observations from the "knock and talk" investigation, the officers obtained a search warrant and returned to 5807 Fess Street to execute the warrant. *Id.*  During the execution of that warrant, officers discovered a Derringer firearm and several rounds of ammunition.  *Id.* at 2.

## II.  ANALYSIS

This motion requests that the court order the government to disclose the identity of the confidential informants who initially reported the presence of firearms. Furthermore, the defendant moves that the court order the government to produce the informants for pretrial interviews by the defense counsel.  In the alternative, the defendant moves for production of all reports, photo identifications, or any memorandum from these informants.

A.  Standard for Disclosure of Confidential Government
Informer in Criminal Case

The court should balance the public interest in protecting the flow of

information against the individual's right to prepare his defense.  Whether this test

will require disclosure depends on the particular circumstances of each case.  *United*

*States v. De Los Santos*, 810 F.2d 1326, 1331 (5th Cir.), *cert. denied*, 484 U.S. 978

(1987) (citing *Roviaro v. United States*, 353 U.S. 53, 62 (1957)).  The Fifth Circuit has

established three factors to be weighed to determine whether disclosure is required:

(1) the level of the informant's involvement in the alleged criminal activity; (2) the

helpfulness of disclosure to an asserted defense; and (3) the government's interest in

the safety of the informant and the informant's future usefulness to the authorities as

a continuing confidential source.  *Id.* at 1331.  Accord, *United States v. Toro*, 840 F.2d

1221, 1232 (5th Cir. 1988).  Because the court finds the second element to be

dispositive of this motion, the court restricts its analysis to that factor.

The burden is on the defendant seeking disclosure to show that the informer's

testimony "would significantly aid the defendant" in establishing a specific defense.

*De Los Santos*, 810 F.2d at 1331; *United States v. Diaz*, 655 F.2d 580, 588 (5th Cir.

1981), *cert. denied*, 455 U.S. 910 (1982); see also *United States v. Wilson*, 77 F.3d 105,

112 (5th Cir. 1996) (finding no abuse of discretion in denying disclosure of the

identity of an informant where the defendant "failed to produce any evidence or

specific allegations of how the[] informants' testimony might bear on his guilt or

innocence."). "Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure." *De Los Santos*, 810 F.2d at 1331 (citing *United States v. Gonzales*, 606 F.2d 70, 75 (5th Cir. 1979)); *United States v. Ayala*, 643 F.2d 244, 247 (5th Cir. 1981). Disclosure will not be required if the defendant fails to meet this burden. *Diaz*, 655 F.2d at 588. If there is other evidence available that is cumulative of the evidence sought from the informant, the defendant has not met his burden. Compare *Suarez v. United States*, 582 F.2d 1007, 1012 (5th Cir. 1978), and *United States v. Toombs*, 497 F.2d 88, 93-94 (5th Cir. 1974), with *United States v. Silva*, 580 F.2d 144, 146-47 (5th Cir. 1978).

Here, Gonzalez wholly fails to meet his burden. Though he states that "[t]his informant's identity and questioning would be essential to this defendant's defense", Gonzalez fails to articulate either how the testimony "would significantly aid the defendant" or the specific defense to which the testimony would be relevant.

### III. CONCLUSION

For the reasons stated above, the defendant's motion for identification of and equal access to the government's informant-witnesses for interview is **DENIED**.

**SO ORDERED**.

July 5, 2007.

_____
A. JOE FISH
CHIEF JUDGE